UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ANTWON MAURICE BAYARD, BAYARD MAURICE ANTWON,<br><br>　　　　　　　　　　　　　Plaintiff,<br><br>　v.<br><br>UNITED STATES OF AMERICA, et. al.,<br><br>　　　　　　　　　　　　　Defendants. | 3:14-cv-00446-MMD-WGC<br><br>**REPORT & RECOMMENDATION OF U.S. MAGISTRATE JUDGE** |

　　　This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4. Before the court is Plaintiff's application for leave to proceed in forma pauperis. (Doc. # 5.)[1]

　　　On August 25, 2014, Plaintiff (who identified himself both as Antwon Maurice Bayard and Bayard Maurice Antwon in his initial filing (Doc. # 1-1 at 1), and subsequently just as Antwon Maurice Bayard (Doc. # 5 at 1)) submitted various documents to the court unaccompanied by either the filing fee or an application to proceed in forma pauperis. (*See* Docs. # 1-1 to #1-5.)

　　　On August 27, 2014, the court advised Plaintiff that his filings were not accompanied by the filing fee or a completed application to proceed in forma pauperis. (Doc. # 3.) The court gave Plaintiff thirty days to either pay the filing fee or submit a completed application to proceed in forma pauperis, and was advised a failure to do so would result in a recommendation of dismissal. (*Id*.)

　　　On September 15, 2014, Plaintiff submitted an application for leave to proceed in forma pauperis (Doc. # 5); however, Plaintiff is a prisoner (*see* address of record at Ely State Prison)

---

[1] Refers to court's docket number.

1  and he did not submit a certified copy of his trust fund account statement indicating the balance
2  of his account for the past six months. 28 U.S.C. § 1915(a)(2). As such, Plaintiff's application
3  (Doc. # 5) should be **DENIED**.

4      There is no need to afford Plaintiff another opportunity to pay the filing fee or submit a
5  correct application to proceed in forma pauperis because Plaintiff's filings are clearly frivolous.

6      In the documents filed Plaintiff states that a judgment was entered on June 14, 2010 in
7  the amount of $767,436 against Howard Skolnik in case 3:09-cv-00476-RCJ. (Doc. # 1-1 at 1.)
8  He also seeks $525,000,000,000.00 in accrued interest, which he has computed at 75%, as well
9  as $1,701,260 in accrued costs and fees. (*Id.*) This is followed by a document on which he has
10 written the title: "700 Billion Dollar Bail Out Plan" and states that on June 14, 2010 a judgment
11 was entered in his favor in the amount of 700 billion dollars. (*Id*. at 3.) Doc. # 1-2 appears to be a
12 duplicate of Doc. # 1-1. Case 3:09-cv-00476-RCJ-VPC involved a petition for habeas corpus
13 filed by Plaintiff, which was dismissed, finding Plaintiff had not exhausted his available state
14 remedies. (3:09-cv-00476-RCJ-VPC, Doc. # 40.) There is no basis for any writ of execution in
15 connection with that case, let alone a fantastical demand for a writ of execution for a sum of 700
16 billion dollars.

17     Therefore, the court recommends that this action be **DISMISSED WITH PREJUDICE**.
18 Plaintiff should be aware of the following:

19     1.    That he may file, pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule IB 3-2 of the
20 Local Rules of Practice, specific written objections to this Report and Recommendation within
21 fourteen (14) days of receipt. These objections should be titled "Objections to Magistrate Judge's
22 Report and Recommendation" and should be accompanied by points and authorities for
23 consideration by the District Court.

24     2.    That this Report and Recommendation is not an appealable order and that any
25 notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not
26 be filed until entry of the District Court's judgment

27 Dated: October 31, 2014.

                                                                     WILLIAM G. COBB
                                                                     UNITED STATES MAGISTRATE JUDGE